**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

CARROLL GENE JOHNSON
ADC #138237                                                                                      PLAINTIFF


V.                                      2:08CV00052 JTR


LARRY NORRIS, Director,
Arkansas Department of Correction,  et al.                                      DEFENDANTS


<u>**ORDER OF DISMISSAL**</u>

Plaintiff, Carroll Gene Johnson, who is currently incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights.  *See* docket entries #2, #6, and #10. Specifically, Plaintiff alleges that, on September 10, 2007, he was placed on treatment precaution status (*i.e.*, suicide watch) after he reported suicidal thoughts to a mental health worker at the EARU. *See* docket entries #2, #6, #10, #15, and #18.  On September 12, 2007, he was moved to Isolation 3, Cell 90, so that he could be continuously observed by EARU guards.  *Id.*  On September 29, 2007, the door to Cell 90 locked shut trapping Plaintiff in his cell until the lock was fixed, eight days later, on October 7, 2007.  *Id.*  Plaintiff contends that, as a result, he was denied yard call and the ability to shower for eight days. *Id.*  Plaintiff further alleges that the ordeal caused him to suffer considerable emotional distress, but no physical injury. *Id.*

Defendants have filed a Motion to Dismiss and a Supporting Brief.  *See* docket entries #14 and #15.  Plaintiff has filed a Response and a Motion for a Hearing, to which Defendants have filed a Reply.  *See* docket entries #18, #19, #22, and #23.  For the reasons set forth herein: (1) Defendants'

Motion to Dismiss will be granted and this case will be dismissed, with prejudice; and (2) Plaintiff's

Motion for a Hearing will be denied.

## I. Discussion

Defendants argue, among other things, that this case should be dismissed, with prejudice,

because Plaintiff has failed to state a viable Eighth Amendment Claim. *See* docket entries #14 and

#15.  This argument is well taken.[1]

The Court has explained that the "Constitution does not mandate comfortable prisons" or that

prisons be "free of discomfort."  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Rather, only

"extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently

grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9

(1992).  To establish an Eighth Amendment conditions-of-confinement claim, a prisoner must prove

that:  (1) objectively, his deprivation was sufficiently serious as to pose a substantial risk of serious

harm to his health or safety; and (2) the defendants were deliberately indifferent to the risk of harm

posed by the deprivation.  *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996).

As to the first factor, the Eighth Circuit has clarified  that the length of time a prisoner must

endure the conditions and the severity of the conditions are crucial factors when determining whether

---

[1] The Court is mindful that a motion to dismiss should be granted if, assuming the truth of the factual assertions made in the complaint, a plaintiff has failed to state a viable claim as a matter of law.  *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Specifically, the plaintiff must assert facts that affirmatively suggest, beyond the speculative level, that he or she is entitled to relief, and mere factual conclusions or a formulaic recitation of the elements of the cause of action are insufficient.  *Twombly*, 127 S. Ct. at 1964-66 (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that, when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

there has been an objectively serious deprivation.  *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994).  Specifically, the Eighth Circuit has stated that prison conditions may "be tolerable for a few days and intolerably cruel for weeks or months." *Id.* (quoting *Hutto v. Finney,* 437 U.S. 678, 687 (1978)).

**A.      Yard Call**

Plaintiff alleges that he did not have yard call for eight days.  However, he does not contend that he was unable to exercise in his cell during that time period.  *See Wishon v. Gammon*, 978 F.2d 446, 448-49 (8th Cir. 1992) (explaining that, when analyzing an Eighth Amendment claim, a court should consider the availability of exercise within the cell).  More importantly, the Eighth Circuit has held that the denial of yard call, or outdoor exercise, for *more than eighth days* does not amount to an Eighth Amendment violation.  *See Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (holding that *thirteen days* without yard call was not an Eighth Amendment violation); *Rust v. Grammar*, 858 F.3d 411, 414 (8th Cir. 1988) (holding that the suspension of yard call for *thirteen days* did not constitute an Eighth Amendment violation); *Leonard v. Norri*s, 797 F.2d 683, 685 (8th Cir. 1986) (holding that no "out-of-cell exercise" for *fifteen days* was not an Eighth Amendment violation).  Accordingly, the Court concludes that Plaintiff has failed to state a viable Eighth Amendment claim regarding the alleged denial of yard call for eight days.

**B.      Showering**

Plaintiff also alleges that he was denied showering privileges while he remained locked in his cell for eight days.  Although he concedes that there was a sink in his cell, he asserts that it was not adequate for bathing because:  (1) he was not provided with soap, a towel, or a change of clothing; and (2) he was required to hold down a button to allow water to enter the faucet, which

made it difficult to bathe.[2]  *See* docket entry #18.

The Eighth Circuit has held that the denial of shower privileges, for a short period of time, does not constitute an Eighth Amendment violation.  *See Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989) (finding that providing an inmate with only *two showers per week* was not an Eighth Amendment violation).  The Eighth Circuit has not set any parameters on the permissible length of such a deprivation, nor have they addressed any cases where a prisoner was denied showering opportunities for eight days.

However, other courts have upheld the denial of bathing opportunities for longer durations. *See Jones v. Houston,* Case No. 4:06CV03314, 2007 WL 3275125, *8 (D. Neb. 2007) (unpublished opinion) (holding that the denial of showering privileges for *thirteen days* was not an Eighth Amendment violation); *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y 2003) (holding that "a *two week* suspension of shower privileges does not suffice as a denial of basic hygiene needs"); *Russell v. Enser*, 496 F. Supp. 320, 325 (D.S.C. 1979) (holding that the lack of shower access for *eight days,* although "unpleasant," does not amount to a constitutional violation).

Additionally, these courts have been deferential to prison officials when showering privileges are limited due to the legitimate and non-punitive purpose of preventing suicidal inmates from harming themselves.  *See Daniels v. Woodside*, 396 F.3d 730, 735 (6th Cir. 2005) (finding no constitutional violation where a juvenile pretrial detainee was denied a shower and hygiene supplies while on suicide watch for an unspecified period of time because those measures were taken to "secure [the detainee's] well-being" and "in furtherance of the jail staff's legitimate and non-punitive

---

[2] When reviewing a motion to dismiss, a court must assume the truth of the facts as asserted by the plaintiff.  *Erickson v. Pardus* 127 S.Ct. 2197, 2200 (2007); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

purpose of preventing [the detainee's] suicide or injury"); *Conway v Henze*, Case No. 00-2344, 2001 WL 747561 (7th Cir. Jun. 29, 2001) (unpublished decision) (holding that giving a pretrial detainee on suicide watch five showers in the first month of his confinement and, thereafter, weekly showers was a "legitimate response to his suicidal behavior" and not a constitutional violation).

The Court finds this reasoning to be persuasive, especially in this case where Plaintiff was denied a shower for only eight days and – admittedly – suffered no physical injury or harm. *See* 42 U.S.C. § 1997e(e) (providing that: "No Federal civil action may be brought [for compensatory damages] by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Seltzer-Bey* v. *Delo,* 66 F.3d 961, 964 (8th Cir. 1995) (finding no Eighth Amendment violation where the prisoner did not suffer "any injury or adverse health consequences as result of" the allegedly harsh conditions in his cell). Accordingly, the Court concludes that Plaintiff has failed to state a viable Eighth Amendment claim in regard to his alleged denial of shower privileges for eight days.

## II.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Defendants' Motion to Dismiss (docket entry #14) is GRANTED, and  this case is DISMISSED, WITH PREJUDICE, because Plaintiff has failed to state a claim upon which relief may be granted.

2.      Dismissal of this action CONSTITUTES a "strike," as defined by 28 U.S.C. § 1915(g).[3]

---

[3]28 U.S.C. § 1915(g) provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

3.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good

faith.

4.      Plaintiff's Motion for a Hearing (docket entry #22) is DENIED.[4]

Dated this 29th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury."

[4] There is no need for a hearing because the Court has assumed the truth of the facts as
asserted by Plaintiff.